IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

KRISTY SHACKELFORD                                                    PLAINTIFF

VS.                                              CAUSE No.: 1:25-cv-157-DMB-DAS

LINCOLN FINANCIAL GROUP D/B/A THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY DISABLITY                              DEFENDANT

## <u>COMPLAINT</u>

1. Plaintiff, Kristy Shackelford, hereinafter referred to as "Plaintiff," brings this ERISA action against LINCOLN FINANCIAL GROUP D/B/A THE LINCOLN NATIONAL LIFE INSURANCE COMPANY DISABILITY, hereinafter "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long, term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Diversity-Vuteq LLC.

2. Plaintiff is a citizen and resident of Tupelo, Mississippi.

3. Defendant is a business entity doing business in the Northern District of Mississippi. Defendant may be served with process by service of process upon the Insurance Commissioner of the State of Mississippi.

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1131, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought…(1) by a participant or by a beneficiary…(B) to recover benefits due to him under the terms of his plan, to enforce his

rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

5. Venue in the Northern District of MS is proper by virtue of Defendant doing business in the Northern District of Mississippi. Under the ERISA statute, venue is proper "in the district where the plan is administered, whether the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id* Here, Defendant is "found within the Northern District of Mississippi, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.)

6. The disability policy at issue was obtained by Plaintiff by virtue of her employment with Diversity-Vuteq LLC at the time of Plaintiff's onset of disability.

7. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

8. Because the Defendant retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

9. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

10. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the plain language in the Plan.

11. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

12. Plaintiff is a 45-year-old female previously employed by Diversity-Vuteq LLC.

13. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant. In a denial letter dated July 31, 2025, the administrator found that Plaintiff did not meet Defendant's definition of disability. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform their "Own Occupation" and "Any Occupation."

14. Plaintiff submitted medical records to show that she is totally disabled from the performance of both her own occupation and any other occupation as defined by the Plan.

15. Plaintiff suffers from severe impairments that include but are not limited to the following impairments that preclude her from being able to perform any work activity and would further substantiate the fact that she is unable to perform "any occupation" as defined by the plan: benign intracranial hypertension and the resulting headaches and shunt revisions she had as a result of said impairment.

15. The aforementioned impairment(s) and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

16. After exhausting his administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

17. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff.

18. Defendant's determination was influenced by its conflict of interest.

19. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

20. The long-term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone. More information promotes accurate claims assessments. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

21. Defendant wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA because Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation and the material duties of any other occupation which her medical condition, training, education, experience, and/or age reasonably allow.

22. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled.

23. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious.

24. Defendant has violated is contractual obligation to furnish disability benefits to Plaintiff.

25. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

Wherefore, Plaintiff demands judgment for the following:

A. Grant Plaintiff declaratory relief, finding that he is entitled to all past due long-term disability benefits yet unpaid;

B. Order Defendant to pay past long-term disability retroactive from her onset of disability until the present in the monthly amount specified in the Plan subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long-term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

Respectfully submitted this the 30th day of September, 2025.

KRISTY SHACKELFORD, PLAINTIFF

BY: /s/LEANNA REYNOLDS; MSB: 104947
Leanna Reynolds; MSB: 104947
P.O. Drawer 280
Charleston, MS 38921
Email: reynoldsleanna@gmail.com
662-647-4021 (cell)