# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**KRISTY SHACKELFORD**          **PLAINTIFF**

v.          **CIVIL ACTION NO. <u>1:25cv00157-DMB-DAS</u>**

**LINCOLN FINANCIAL GROUP D/B/A THE**
**LINCOLN NATIONAL LIFE INSURANCE COMPANY**        **DEFENDANT**

### <u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Kristy Shackelford, and states as follows:

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that it issued Group Disability Income Policy No. 000010273538 (the "Policy") to Diversity-Vuteq LLC ("Diversity-Vuteq"), which, at certain times, insured long-term disability ("LTD") benefits from the Diversity-Vuteq LLC Long Term Disability Plan (the "Plan") sponsored by Diversity-Vuteq, and that, at certain times, Lincoln was the claims administrator for claims for LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group" as that is the marketing name for Lincoln National Corporation and its affiliates. Accordingly, "The Lincoln National Life Insurance Company" is the correct name of the Defendant in this action.

2. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, this allegation.

3. Lincoln admits that it is an Indiana Corporation and that it is authorized to do business in Mississippi. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. To the extent that the allegations contained in Paragraph 4 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits this Court has jurisdiction over this action and that venue is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. To the extent that the allegations contained in Paragraph 5 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff was, at certain times, an employee of Diversity-Vuteq and that Diversity-Vuteq sponsored the Plan to provide long term disability benefits to certain employees of Diversity-Vuteq, of which Plaintiff was, at certain times, a participant. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits the relevant plan document includes language pertaining to discretionary authority, and Lincoln refers to the Plan itself as the best evidence of its contents.

To the extent that the allegations contained in Paragraph 7 seek to interpret the provisions of the plan document, Lincoln refers to the Plan documents themselves as the best evidence of their contents. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it issued the Policy to Diversity-Vuteq which, at certain times, insured LTD benefits from the Plan sponsored by Diversity-Vuteq. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln denies the allegations contained in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that Paragraph 11 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits Plaintiff was, at certain times, employed by Diversity-Vuteq. Lincoln admits that documents containing information concerning Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy. Lincoln admits it sent a letter to Plaintiff's counsel dated July 31, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

15.(sic) Lincoln denies the allegations contained in second Paragraph numbered 15 of the Complaint.

16. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during

**4**

the administrative review process. Lincoln admits it sent a letter to Plaintiff's counsel dated July 31, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it issued the Policy to Diversity-Vuteq and that it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies the allegations contained in Paragraph 18 of the Complaint.

19. Lincoln denies the allegations contained in Paragraph 19 of the Complaint.

20. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies the allegations contained in Paragraphs 21 of the Complaint.

22. Lincoln denies the allegations contained in Paragraphs 22 of the Complaint.

23. Lincoln denies the allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies the allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies all allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

PD.56053515.1

## AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Lincoln's actions regarding Plaintiff's claims for benefits were done in good faith and its determination of Plaintiff's claim was based on a reasonable investigation and Lincoln's good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3.      At all relevant times, Lincoln acted in full compliance with the terms and provisions of the Policy and all applicable laws.

4.      Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the Policy.

5.      Plaintiff's claims against Lincoln are barred by the terms, conditions, limitations, and exclusions specified in the relevant disability benefits policy.

6.      The relevant disability benefits policy grants discretionary authority to Lincoln to determine eligibility for benefits under the relevant disability benefits policy, and Lincoln did not abuse its discretion is making decisions on Plaintiff's claim for benefits.

7.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

8.      Plaintiff was not "disabled" as defined by the applicable definition contained in the Policy and therefore did not qualify for benefits under the Policy.

**6**

PD.56053515.1

9.      To the extent that Plaintiff has raised state law claims in the Complaint, those are completely preempted by ERISA.

10.     Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

11.     Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

12.     To the extent that the Complaint seeks damages beyond those permitted by ERISA or asserts claims for equitable relief, the Complaint fails to state a claim upon which relief may be granted as a matter of law as such damages and claims are barred by virtue of Plaintiff's claim for recovery of benefits under Section 501(a)(1)(B) of ERISA.

13.     Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

14.     Lincoln reserves the right to assert additional defenses.

## <u>PRAYER</u>

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

**7**

Respectfully submitted this 27th day of October 2025.

Respectfully submitted,

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**PHELPS DUNBAR, LLP**

BY:     /s/ *Adam Harris*
          Adam B. Harris (MS Bar No. 102955)
          Shelby Schepens (MS Bar No. 106335)
          PHELPS DUNBAR, LLP
          2602 13th Street, Suite 300
          Gulfport, MS  39501
          Telephone: 228-679-1130
          Telecopier: 228-679-1131
          Email: adam.harris@phelps.com
          Email: shelby.schepens@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Leanna Reynolds
Email: reynoldsleanna@gmail.com

      /s/ *Adam Harris*

**8**