Last Updated: Jan 2022

FORM 1 (ND/SD MISS. JAN 2022)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**KRISTY SHACKELFORD**                                              **PLAINTIFF**

V.                                                          CIVIL ACTION
                                                            NO. **1:25cv00157-GHD-DAS**

**LINCOLN FINANCIAL GROUP D/B/A THE**                               **DEFENDANT**
**LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY DISABILITY**

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**                    1

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**        0

   **EXPERT TESTIMONY EXPECTED:** No

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   Private mediation prior to the dispositive motion deadline.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN 2022)

4. **DISCLOSURE.** (Pick one)

The following additional disclosure is needed and is hereby ordered:

The parties agree that service of the Administrative Record ("AR") by Defendant on Plaintiff will satisfy the requirement for any initial disclosures by Defendant under Rule 26(a). Defendant shall serve Plaintiff with the Administrative Record by MARCH 3, 2026 . Beyond this, no initial disclosures under Rule 26(a) are required of either party.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

Staged resolution/bifurcation of the trial issues will not assist in the prompt resolution of this action.

Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

A.  Interrogatories are limited to __20__ succinct questions.

B.  Requests for Production are limited to __20__ succinct questions.

C.  Requests for Admissions are limited to __20__ succinct questions.

D.  Depositions are limited to the parties, experts, and no more than

__0__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN 2022)

**E.** The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

The parties will address any e-discovery issues by agreement but do not anticipate the need for discovery of electronically stored information. Therefore, Local Rule 26(f)(2)(B) need not apply to this case.

**F.** The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☐ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☐ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B) (v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:

As this is an ERISA matter and such matters are generally decided based on the administrative record, only the limited discovery outlined in this order will be permitted. Leave of court must be obtained before any other discovery is propounded or attempted. Each side is limited to 20 succinct interrogatories, 20 succinct requests for production and 20 succinct requests for admissions. All discovery must be completed by NOVEMBER 4, 2026.

FORM 1 (ND/SD MISS. JAN 2022)

Additional information:

This is an ERISA matter.  Accordingly, the Parties believe an abbreviated case management order should be entered.  To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of a standard schedule:

Joint Stipulated Record to be filed by the Parties by NOVEMBER 11, 2026.
Both parties shall submit Opening Trial Briefs by JANUARY 13, 2027.
Both parties shall submit Response Briefs by FEBRUARY 10, 2027.
Optional replies may be filed on or before FEBRUARY 24, 2027.

7. **SCHEDULING DEADLINES**

   A.  **Trial.**  This action is set for __NON-JURY TRIAL__

   beginning on: __June 7, 2027__, at __9:30__, __a.m.__, in __Aberdeen__,

   Mississippi, before United States __District__ Judge __Glen H. Davidson__.

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS ____1____. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B.  **Pretrial.**  The pretrial conference is set on: _____, at __9:00__, __a.m.__,

   in __Choose City:__ , Mississippi, before United States __District__

   Judge_____.

   C.  **Discovery.**  All discovery must be completed by: __November 4, 2026__.

   D.  **Amendments.**  Motions for joinder of parties or amendments to the pleadings must be

   filed by: _____.

   E.  **Experts.**   The parties' experts must be designated by the following dates:

   **1.** Plaintiff(s):        _____.

   **2.** Defendant(s):        _____.

FORM 1 (ND/SD MISS. JAN 2022)

8.  **MOTIONS.**  All dispositive motions and *Daubert*-type motions challenging another party's expert

must be filed by:_____.The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9.  **SETTLEMENT CONFERENCE.**

If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.**  On or before (7 days before FPTC) _____, the parties

must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or

provide sufficient facts to support a finding of just cause for failure to comply.  *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

02/11/2026_____       /s/  David A. Sanders
DATE                                _____
                                    UNITED STATES MAGISTRATE JUDGE